E-FILED
Wednesday, 03 October, 2007 04:23:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STEVEN M. WOOLDRIDGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07-3002 |
| ) | |
| GREGORY SIMS, Warden, ) | |
| Taylorville Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Steven M. Wooldridge's (Wooldridge) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 2). For the reasons stated below, this Petition is denied.

## FACTS

In June 2003, a Pike County, Illinois jury convicted Wooldridge of possession of a controlled substance: specifically, possession of "15 grams or more but less than 100 grams of a substance containing methamphetamine or any salt of an optical isomer of methamphetamine." See Answer (d/e 8),

1

Ex. A, Ill. App. Ct. 4th Dist. Order, No. 4-03-0719, at 1 (citing 720 ILCS 570/402(a)(6.5)(A) (West 2002)).  He was arrested after police discovered, among other evidence of drug possession, a glass jar of 25.4 grams of a yellow liquid containing an indeterminate amount of methamphetamine.  In August 2003, the Illinois trial court sentenced him to 10 years in prison.  Wooldridge subsequently appealed his conviction and sentence to the Illinois Appellate Court.

Most important for the current matter, Wooldridge argued that his conviction must be vacated because the statute governing his offense violated the Illinois constitutional prohibition against disproportionate penalties.  See Ill. Const. 1970, art. I, § 11 ("All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.").  He asserted that basing his conviction on the overall weight of the substance he possessed, instead of just the weight of the usable methamphetamine within that substance, made him subject to a higher sentence than a hypothetical kingpin, who might possess far more pure drug but less overall substance.  Wooldridge argued that the Illinois legislature had intended the Illinois Controlled Substances Act, including the provision underlying his

2

conviction, to conform with the federal regulatory systems, including those of the Sentencing Guidelines. See 720 ILCS 570/100(5) (naming as one of the Act's purposes to "unify where feasible and codify the efforts of this State to conform with the regulatory systems of the Federal government and other states to establish national coordination of efforts to control the abuse of controlled substances."). Under federal sentencing standards, materials that must be separated from a controlled substance before the controlled substance can be used, such as "waste water," are not factored into a sentencing decision. U.S. Sentencing Guidelines Manual § 2D1.1, commentary, app. n.1.

The Illinois Appellate Court rejected Wooldridge's Illinois Constitution argument. See Answer (d/e 8), Ex. A, Ill. App. Ct. 4th Dist. Order, No. 4-03-0719, at 18. It held that the statute underlying his conviction does not violate the disproportionate penalties clause because the state legislature presumably recognized that waste substances may be toxic and highly combustible, and thus more dangerous than methamphetamine alone. The court also rejected three of Wooldridge's other arguments regarding insufficient evidence and ineffective counsel, but it vacated a condition of supervised release which he had argued was unauthorized.

Wooldridge then filed a Petition for Leave to Appeal to the Illinois Supreme Court, in which he asserted the same arguments that he advanced below, minus the supervised release issue. The Illinois Supreme Court denied his petition on December 1, 2005, and the court's mandate issued on December 23, 2005. See Answer (d/e 8), Ex. F, Ill. S. Ct. Order, No. 101181. On December 26, 2006, he placed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 2) in the prison mailing system. The Court filed it on January 23, 2007, and the Respondent filed an Answer on May 10, 2007.

Wooldridge's Petition raises several arguments relating to his contention that Illinois should not include waste water in its calculation of weight in methamphetamine possession cases. Wooldridge divided his Petition into two issues, but he is proceeding *pro se*, and the Court reads the Petition actually to assert five separate arguments. He contends that inclusion of waste substance violates: (1) the Illinois Constitution's disproportionate penalties clause; (2) the Illinois Constitution's due process provisions; (3) clearly established federal law as determined by the United States Supreme Court; (4) the Cruel and Unusual Punishments clause of the Eighth Amendment of the United States Constitution; and (5) the Equal

4

Protection clause of the Fourteenth Amendment of the United States Constitution.

## ANALYSIS

Wooldridge's arguments are all non-cognizable or procedurally defaulted. Thus, none of the arguments provide this Court with grounds for granting his Petition.

Wooldridge's first two arguments -- that his conviction violates Illinois' constitutional disproportionate penalties and due process provisions -- are non-cognizable here. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Federal habeas relief is not available for errors of state law. Id. at 67; see also 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). These two arguments involve only Illinois law, and therefore cannot support a grant of habeas corpus.

Wooldridge's federal arguments are also ineffective, however, because

they are all procedurally defaulted. A federal district court cannot grant a writ of habeas corpus unless the petitioner exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Failure to exhaust these remedies constitutes a procedural default. Chambers v. McCaughtry, 264 F.3d 732, 738 (7th Cir. 2001). "To avoid procedural default, a habeas petitioner must have presented fully and fairly his federal claims to the state courts before he may obtain federal review of those same claims." Id. In Illinois, this means that a petitioner must invoke one complete round of the state's two-tiered appellate systems. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In other words, a petitioner must raise his federal issues before both the Illinois Appellate Court and the Illinois Supreme Court; Wooldridge did not. Wooldridge has raised his Eighth and Fourteenth Amendment arguments for the first time before this Court. None of his state briefing even hinted at these two federal issues. One could argue that he raised his third federal contention -- that his conviction violated clearly established federal law -- in the Appellate Court when he discussed Chapman v. United States, a United States Supreme Court case interpreting federal drug sentencing law. See Chapman, 500 U.S. 453 (1991); Answer (d/e 8), Ex. B, Brief and Argument for Defendant-Appellant, at 47-48. If so, he failed

6

to raise it in his Petition for Leave to Appeal to the Illinois Supreme Court. See Answer (d/e 8), Ex. E, Petition for Leave to Appeal. Thus, all three arguments are procedurally defaulted. Although Wooldridge challenged the inclusion of waste water in calculation of methamphetamine weight at every stage, "the gravamen of the unfairness about which he complains has changed." Chambers, 264 F.3d at 739. Wooldridge failed to exhaust his state court remedies.

There are exceptions to the procedural default rule, but Wooldridge's case does not fall within one. A federal court "may excuse a procedural default if a petitioner can show either cause for the default and prejudice arising from failure to review the claims, or that failure to review the claims on procedural grounds would result in a fundamental miscarriage of justice." Mahaffey v. Schomig, 294 F.3d 907, 915 (7th Cir. 2002). Wooldridge cannot satisfy either prong.

The first prong involves a two-part test, and Wooldridge cannot pass even the first part. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Cause

7

would exist, for example, where the factual or legal basis for a claim was not reasonably available to the defendant or where official interference made compliance impracticable.  Id.  Here, the factual and legal bases for the federal claims Wooldridge is now asserting were all available during his state proceedings, and Wooldridge has not alleged that officials made it impossible for him to raise these claims previously.  He cannot show cause for failing to raise his federal claims.

The requirements of the second prong are similarly unsatisfied.  A failure to review the claims on procedural grounds will result in a fundamental miscarriage of justice only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496.  The federal claims Wooldridge raises are irrelevant to the question of whether he possessed methamphetamine.  His federal arguments relate only to how his sentence should have been calculated.  His state statutory interpretation claims may have related to whether he in fact possessed the requisite amount of drugs for a conviction of this felony class, but this Court has no power to correct errors purely of state law.  Moreover, Wooldridge has not raised actual innocence arguments in his Petition, and a review of his sufficiency of the evidence arguments before the Illinois Appellate and

8

Supreme Courts fails to convince the Court that "one who is actually innocent" was convicted based on a federal constitutional violation here.

THEREFORE, Wooldridge's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 2) is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: October 3, 2007

FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                            UNITED STATES DISTRICT JUDGE